UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAMON OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-02146-WTL-MPB |
| | ) | |
| PENDLETON CORR. FAC., | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Pendleton Correctional Facility ("Pendleton"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against Pendleton Correctional Facility and the Indiana Department of Correction. He alleges that certain papers—which appear to have contained addresses, e-mail addresses, and names that would have aided the plaintiff in starting a business— were confiscated from him by correctional officers and not returned. He seeks money damages for the loss of those papers.

The plaintiff's claim must be dismissed for two independent reasons. First, neither defendant is a suable entity under § 1983. Moreover, a suit against a state agency is treated as a suit against the state itself for Eleventh Amendment purposes, and the Eleventh Amendment immunizes an unconsenting state from suits for damages in federal court. *See Smith v. Utah Valley Univ.*, 619 Fed. Appx. 559, 560 (7th Cir. 2015) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)).

Second, even if the plaintiff named suable entities, he does not have a viable due process claim for the destruction of his property because there is a process available for the plaintiff to recover—namely, the Indiana state. As explained by the Seventh Circuit, "[the state] maintains a system of courts that can provide compensation for torts, and the opportunity to recover damages for a rogue guard's wrongful conduct supplies all of the process that is due—whether the deprivation was negligent or intentional." *Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998) (citations omitted); *see Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *see also Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010) ("To the extent that [the plaintiff] relies on the destruction of his personal legal materials, his complaint is better characterized as a deprivation of property claim,

for which he may seek relief at state law."); *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 383 (7th Cir. 1988) (holding that Indiana Tort Claims Act provides prisoners with adequate post-deprivation remedies for lost property).

## II.

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through September 29, 2017,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 9/7/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

LAMON OWENS
147739
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only